**SAINT PAUL–MERCURY INDEMNITY COMPANY and Harry B. Hogan, doing business as Harry B. Hogan Painting Company, Appellants,**

v.

**Lonnie SISNEY, Appellee.**

**No. 15431.**

United States Court of Appeals
Eighth Circuit.

April 24, 1956.

E. Riddick Riffel, Little Rock, Ark. (Allen, Woolsey & Fisher, Springfield, Mo., were with him on the brief), for appellants.

Arthur N. Wood, Yellville, Ark., for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

WOODROUGH, Circuit Judge.

The judgment here appealed from made distribution of the sum of $23,-968.36 then in custody of the court by awarding to the claimants the amount to which each was found to be entitled. The money had been paid in by M. Lanza, a principal contractor, in satisfaction of a judgment against him for damages for personal injuries to Lonnie Sisney resulting from negligence of Lanza's employees while Sisney was working in Arkansas for Harry B. Hogan, a sub-contractor under Lanza. The action in which the judgment was obtained was not originally brought by Sisney but was commenced by Hogan and his workmen's compensation insurance carrier, St. Paul-Mercury Indemnity Company. They had recognized Sisney's right to receive compensation under the Arkansas Workmen's Compensation Act, Ark. Stats. § 81–1301 et seq., and had made payments to him. They availed themselves without consulting or contacting Sisney of the right accorded them under Section 40(b) [1] of that Act to sue Lanza on Sisney's claim in order to recoup themselves for their compensation disbursements to Sisney.

Sisney had employed Arthur N. Wood as his own attorney for that service shortly after his accident and although the complaint was filed and some steps preparatory to trial were taken in the action before the attorneys for the plaintiffs in the action knew of that employment, they learned of it and Wood learned of their action before the commencement of the trial of the case. Wood acted as attorney for Sisney throughout. He was without question entitled to and was awarded one-third of Sisney's part of the recovery. [2]

The appellant Hogan and his insurance carrier took the position on the trial of the issues as to the distribution that there was an implied contract between the injured man Sisney and the attorneys whom they employed to prosecute the action against Lanza that said attorneys should act as attorneys for Sisney in the prosecution of the lawsuit and that their attorneys' fee in the amount of one-third of the total recovery was part of the "cost of collection" under Section 40(b) of the Arkansas Act and should be first deducted from the amount recovered from Lanza on account of Sisney's injuries.

But the District Court found that "all the work performed by said attorneys in connection with Sisney's case was work that was necessary in their representation of Saint Paul [indemnity company] and [their other clients] Virgil Carroll and Paul Jennings and was referable to those contracts." [3] It also found

1. "(b) An employer or carrier liable for compensation under this Act for the injury or death of an employee shall have the right to maintain an action in tort against any third party responsible for such injury or death. After reasonable notice and opportunity to be represented in such action has been given to the compensation beneficiary, the liability of the third party to the compensation beneficiary shall be determined in such action as well as the third party's liability to the employer and carrier. After recovery shall be had against such third party, by suit or otherwise, the compensation beneficiary shall be entitled to any amount recovered over and above the amount that the employer and carrier have paid or are liable for in compensation, after deducting reasonable costs of collection, and in no event shall the compensation beneficiary be entitled to less than one-third of the amount recovered from the third party, after deducting the reasonable cost of collection." Ark.Stats. § 81–1340(b).

2. He voluntarily relinquished $500 of it to the attorneys who prepared the brief on appeal of the case as he had suggested.

3. Carroll and Jennings were employees of Hogan injured in the same accident with Sisney. The attorneys had contracts with them and their cases were consolidated for trial with Sisney's.

the evidence "was insufficient to establish either an implied or constructive contract between said attorneys and Sisney."

It concluded as to the employment of attorneys that "Sisney employed Mr. Wood to represent him and the respondent Saint Paul [indemnity company] employed Messrs. Goodwin and Riffel to represent it in the case and the latter firm associated the firm of Messrs. Allen, Woolsey & Fisher with them."

In that situation the court decided that the question of the apportionment of the part of the recovery payable for attorneys' fees was ruled by the decision of the Supreme Court of Arkansas in Winfrey & Carlile v. Nickles, 223 Ark. 894, 270 S.W.2d 923, and that Sisney and Saint Paul should each "pay his or its own counsel."

The judgment followed the findings and conclusions, and distribution of the money was ordered as follows:

| | | |
|---|---|---|
| To | Hogan's Workmen's Compensation Carrier, St. Paul-Mercury Indemnity Company, (being amount it expended on behalf of Sisney plus stipulated items of cost of collection, less its attorney's fee) | $6745.91 |
| To | Lonnie Sisney, $9457.69 less the sum of $2000.00 heretofore advanced to him by order of the court | 7457.69<br><br>2000.00 |
| To | Attorneys employed by St. Paul and Hogan (being one-third of St. Paul's recovery plus $500 deducted from Wood's fee) | 3535.91 |
| To | Arthur N. Wood (being one-third of Sisney's net recovery of $14,186.54, less the $500 paid by Wood for preparation of a brief on appeal) | 4228.85 |

The opinion containing the findings and conclusions of the District Court is published at 131 F.Supp. 684.

On this appeal it is contended for appellants that the trial court erred in finding that there was no implied contract between Sisney and appellants' attorneys that said attorneys should represent him in the action against Lanza. The cases they cite as supporting their contention were fully considered and discussed by the trial court and we are in accord with its conclusion that none of them declares rules of law requiring a finding here that there was an implied contract of employment between Sisney and the plaintiff's attorneys. They were strangers to him and never asked him in any of their talks with him if he had an attorney, nor did they tell him they were working for him in the expectation that he would pay them. They have not pointed to any act of service performed by them that was not referable to their contracts with their clients. Sisney's physical and mental condition was epitomized by the court in the opinion in Carroll v. Lanza, D.C., 116 F.Supp. 491, 500.

The trial court reviewed the evidence and set out all the facts relative to the employment of the attorneys and the services performed by them with such meticulous care and completeness in its opinion that repetition here could serve no good purpose. The simple facts are that appellants' attorneys never asked Sisney if he had an attorney, nor told him that they were working for him at his cost, and they have not pointed to any act of service performed by them that was not referable to their contracts with their clients. The trial of the damage suit had been had before the same judge without a jury, Carroll v. Lanza, supra, and he was specially qualified to appraise the testimony and pass upon the matter of the attorneys' fees and their apportionment. We think the finding that there was no implied contract by Sisney to employ the appellants' attorneys to work for him in the lawsuit against Lanza was supported by sub-

stantial evidence and by the reasons and citations of Arkansas law set forth in the court's opinion.

■ As to the contention that the appellants' attorneys' fee was a part of the "cost of collection" within the Section 40(b) of the Compensation Act, Ark. Stat. 1947 Annotated, § 81–1340, and should have been figured at one-third of the total amount of the judgment against Lanza and deducted first, we think the trial court rightly concluded that the point was ruled against appellants by the decision of the Supreme Court of Arkansas in Winfrey & Carlile v. Nickles, 223 Ark. 894, 270 S.W.2d 923.

It is true that case did not present exactly the same facts that are present here. The recovery in that case was for damages for death through negligence of an employee while working for an employer who carried compensation insurance with the St. Paul-Mercury Indemnity Company. The recovery against the tort feasor was brought about by the work of the attorneys employed by the compensation beneficiaries of the deceased. The circumstances were peculiar in that the St. Paul company had insured the tort feasor as well as the decedent's employer. But in passing on the right of the attorneys of the compensation beneficiaries to base their fee on the total recovery the court fully considered and discussed the provisions of section 40. It held that in view of the St. Paul's position as insurer of both the tort feasor and the employer of the victim of his negligence the recovery in the action against the tort feasor was attributable solely and entirely to the work of the attorneys of the compensation beneficiaries, and they were accordingly entitled to base their fee upon the whole recovery. But the Supreme Court of Arkansas took pains to explain that in the absence of the dual obligation of the St. Paul company and in the ordinary case where such an insurer has a genuine interest to recoup its compensation liability from a third party tort feasor employing its own attorney to that end in the action where the injured man has

his own attorney, the court would simply have apportioned the recovery between the two plaintiffs, leaving each to pay his own counsel. The implication of the decision is that in the situation presented in this case it was the duty of the court to apportion the recovery as it did, leaving Sisney and St. Paul each to pay his and its own counsel. The decision does not permit the inference contended for by appellants that the "reasonable cost of collection" in section 40(b) which is to be deducted from a recovery for personal injuries suffered by a victim of negligence shall include the attorneys' fees not only of the attorney whom he employs and who has acted for him in this case, but also the fees of the attorneys the insurance carrier employs to represent its interests.

We think the court made permissible construction and application of Arkansas law. The judgment of distribution is

Affirmed.